1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL C. MANSON,<br><br>                                    Plaintiff,<br><br>v.<br><br>GUARANTY BANK, et al.,<br><br>                                    Defendants. | Case No.:  16cv2921-MMA (JLB)<br><br>**ORDER GRANTING DEFENDANT GUARANTY BANK'S MOTION TO DISMISS**<br><br>[Doc. No. 3] |

        Plaintiff Russell C. Manson brings suit against Defendant Guaranty Bank alleging violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, and negligence.  Defendant moves to dismiss Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Doc. No. 3.  Plaintiff filed an opposition, to which Defendant replied.  *See* Doc. Nos. 4, 5.  The Court took the motion under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  *See* Doc. No. 6.  For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

1

## BACKGROUND[1]

This action arises out of events related to the non-judicial foreclosure and sale of Plaintiff's home, located at 13070 Texana Street, San Diego, California, 92129 ("the property").  In 2005, Plaintiff entered into a written loan agreement and obtained a home equity line of credit ("HELOC") loan in the amount of $95,000, secured by the property through a Deed of Trust, recorded on October 28, 2005.  Plaintiff suffered a significant financial setback due to the economy.  As such, Plaintiff contacted Defendant to inquire about a loan modification.  Defendant promised that if Plaintiff submitted a complete application for a loan modification, it would not initiate foreclosure proceedings while Plaintiff's loan modification application was in review.  Plaintiff submitted a complete loan modification application as instructed.  Defendant did not provide any written acknowledgement of the documents submitted by Plaintiff in connection with his request for a loan modification.

On January 28, 2016, Defendant recorded a Notice of Default against the property.  Plaintiff did not believe that Defendant was reviewing Plaintiff's loan modification application in good faith.  On or around May 6, 2016, Defendant recorded a Notice of Trustee Sale against the property.  On or around June 1, 2016, Defendant sold the property, and initiated action to take possession of the property and to evict Plaintiff from his home.  Plaintiff alleges that Defendant wrongfully delayed the processing of Plaintiff's loan modification application.

Based on these allegations, Plaintiff alleges causes of action for violation of California's UCL, negligence, and cancellation of instrument.

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the FAC.  *See Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citations omitted).

In reviewing the motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations, and construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss," *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998), and it is improper for a court to assume a plaintiff "can prove facts that [he or she] has not alleged," s*ee Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading standard for allegations of fraud, requiring parties to "state with particularity the circumstances constituting fraud or mistake."  In general, fraud allegations must be "specific enough to give defendants notice of the particular misconduct … so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Specifically, plaintiffs are required to supplement allegations of fraud with the "who, what, when, where, and how" of the purported misconduct, in addition to why the statement or conduct is false or misleading.  *Id.*  Failure to satisfy this heightened pleading standard can result in dismissal of the claim.  *Id.* at 1107.

<u>DISCUSSION</u>

**A.    Request for Judicial Notice**

Defendant requests that the Court take judicial notice of certain public records relating to Plaintiffs' complaint.  *See* Doc. No. 3-3.  These records include: (1) Deed of Trust, recorded on March 1, 2005; (2) Deed of Trust, recorded on October 28, 2005; (3) Assignment of Deed of Trust, recorded on January 28, 2016; (4) Substitution of Trustee, recorded on January 28, 2016; (5) Trustee's Deed Upon Sale, recorded June 15, 2016; and (6) Full Reconveyance, recorded on July 20, 2016.

Generally, a district court's review on a 12(b)(6) motion to dismiss is limited to the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  However, "a court may take judicial notice of matters of public record," *id.* at 689 (internal quotations and citations omitted), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Judicially noticed facts "may be considered on a motion to dismiss."  *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

No party questions the authenticity of the public records contained in Defendant's request for judicial notice.  Therefore, to the extent the Court references facts contained within the above documents, the Court **GRANTS** Defendants' Request for Judicial Notice.

**B.    Motion to Dismiss**

As an initial matter, Defendant moves to dismiss Plaintiff's complaint to the extent that he is attempting to bring his claims pursuant to the California Home Owner's Bill of Rights ("HOBR").  Pursuant to California Civil Code § 2923.6, "[i]f a borrower submits a complete application for a *first lien* loan modification," a mortgage servicer "shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete

4

*first lien* loan modification application is pending" until "the mortgage servicer makes a written determination that the borrower is not eligible for a *first lien* modification, and any appeal period" has expired.  Cal. Civ. Code § 2923.6(c) (emphasis added).  Plaintiff contends throughout his complaint that Defendant violated the HOBR by recording a Notice of Sale while Plaintiff's loan modification application remained pending.  However, as Defendant correctly notes, Plaintiff alleges that he applied for a modification of a second lien loan, to wit, his HELOC loan.  The HOBR by its plain terms does not apply to second lien loans.  Cal. Civ. Code § 2924.15(a).  Thus, in so far as Plaintiff bases his claims on Defendant's purported violation of the HOBR, Plaintiff's claims fail.  Plaintiff also fails to state plausible claims for the following reasons.

   1. California's Unfair Competition Claim

   Plaintiff alleges that Defendant violated California's UCL by engaging in deceptive business practices with respect to mortgage loan servicing, foreclosure of residential properties, and related matters, by misrepresenting the availability of a loan modification and foreclosing on the property.  Plaintiff further claims that Defendant engaged in fraudulent acts or practices by concealing material facts, to induce Plaintiff to pay the marked up and/or unnecessary fees for default-related services.  Plaintiff alleges that if he had known the true nature of the fees, he would have been aware of the inflated and unnecessary fees, and would not have paid the fees.

   California Business & Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act."  Each "prong" of the UCL is "a separate and distinct theory of liability."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).  An action brought under the "unlawful" prong of this statute "borrows" violations of other laws when committed pursuant to business activity.  *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992).  Plaintiff claims that Defendant has engaged in "unlawful" business practices based on violations of Title 18, United States Code, sections 1341, 1343, and 1962; California Civil Code sections 1572, 1573, 1709, 1710, and 1711, and the common law.

Under all three prongs of the UCL, the gravamen of Plaintiff's claim sounds in fraud.  *See Kearns*, 567 F.3d at 1127.  For example, Plaintiff relies upon the federal mail fraud, wire fraud, and racketeering statutes to support the "unlawful" prong of his claim. However, fraud is a necessary element of the mail and wire fraud statutes, and any derivative RICO claim sounds in fraud.  As such, Plaintiff's UCL claim must be pleaded with particularity.  Fed. R. Civ. P. 9(b); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2006).  Allegations of fraud under section 17200 must comply with Rule 9(b). *Kearns*, 567 F.3d at 1125 (applying Rule 9(b) particularity requirement to UCL claim grounded in fraud).  Plaintiff must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom*, 486 F.3d at 553 (internal quotation marks omitted).  Plaintiff does not do so. Plaintiff has not satisfied the Rule 9(b) requirement and consequently, fails to assert a plausible claim under either the "fraudulent" or "unfair" prong of the UCL.

2. <u>Negligence</u>

Plaintiff alleges that Defendant is negligent for failing to exercise reasonable care in processing and reviewing Plaintiff's loan modification application.  Specifically, Plaintiff claims that Defendant breached its duty to Plaintiff by: (1) failing to review Plaintiff's loan modification application in a timely manner; (2) misplacing Plaintiff's application documents; (3) mishandling Plaintiff's application by relying on incorrect information; (4) misrepresenting the status of Plaintiff's loan modification application; and (5) continuing foreclosure in violation of public policy and federal regulations.

Under California law, the elements of a claim for negligence are that: (1) defendant had a legal duty to plaintiff, (2) defendant breached this duty, (3) defendant was the proximate and legal cause of plaintiff's injury, and (4) plaintiff suffered damage.  Cal. Civ. Code § 1714; *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001).  As a general rule, under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its

conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (1991).

In an unpublished opinion, the Ninth Circuit has ruled that, under California law, lenders do not owe borrowers a duty of care to process a borrower's loan modification application within a particular time frame. *See Anderson v. Deutsche Bank Nat. Trust Co. Americas*, 649 F. App'x 550 (9th Cir. 2016). The Ninth Circuit explained that because the borrower's default necessitates the modification, the resulting harm is "not . . . closely connected to the lender's conduct," and the lender's conduct is not blameworthy. *Id.* (quoting *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 67 (2013)). Here, Defendant did not cause Plaintiff to need a loan modification, and the harm that Plaintiff experienced is primarily attributable to his default, not Defendant's actions. Plaintiff cannot state a negligence claim premised solely upon Defendant's delay in processing his loan modification application and actions related thereto. Plaintiff fails to plead any non-conclusory allegations sufficient to demonstrate that Defendant otherwise owed him a duty of care by making "explicit promises to him or affirmatively discourag[ing] him from seeking other remedies." *Ivey v. JP Morgan Chase Bank N.A.*, Case No. 16-cv-00610-HSG, 2016 U.S. Dist. LEXIS 174471, at *7 (N.D. Cal. 2016). As such, Plaintiff's negligence claim is subject to dismissal.

3. <u>Cancellation of Instrument</u>

Plaintiff also brings a cause of action for cancellation of instrument pursuant to California Civil Code section 3412. Plaintiff seeks to cancel the Notice of Default and Notice of Sale, which would essentially operate to set aside the trustee's sale. However, in order to set aside the sale of the property, Plaintiff must allege facts sufficient to show tender in the amount of his indebtedness, or a valid excuse to the tender requirement. *Morgan v. Aurora Loan Servs., LLC*, 646 Fed. Appx. 546, 551 (9th Cir. 2016) (citing *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89 (Ct. App. 2011)). Plaintiff fails to do so. As such, this claim is subject to dismissal.

**C.     Leave to Amend**

Plaintiff's claims arise in large part out of Defendant's purported violation of provisions in California's HOBR which simply do not apply to the loan at issue. Amendment will not cure this fundamental underlying defect in Plaintiff's complaint. Nevertheless, in the Ninth Circuit, a district court must grant a plaintiff leave to amend his claims "'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  The Court cannot conclude at this preliminary stage that it would be impossible for Plaintiff to sufficiently amend his claims.  Accordingly, the Court will grant Plaintiff leave to file an amended complaint.

**C<small>ONCLUSION</small>**

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff must file an amended complaint that cures the deficiencies identified herein on or before **April 5, 2017**.

**IT IS SO ORDERED**.

DATE: March 22, 2017

HON. MICHAEL M. ANELLO
United States District Judge

16cv2921-MMA (JLB)